[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, C. Bruno Primus, filed this appeal pursuant to General Statutes § 12-117a challenging the assessment placed on his property by the East Hartford assessor on the October 1, 1993 grand list. The issue in this real estate tax appeal is the fair market value of the subject property as of October 1, 1993, which was the date of the last town-wide revaluation.
The subject property is a two-story 26 unit brick apartment building situated on approximately .55 acres of land with a seventy foot frontage along Burnside Avenue. The property is known as 635-637 Burnside Avenue.[1] The subject property abuts a Friendly Restaurant on the east side, with the units of the subject on the south side overlooking the parking lot of the restaurant. The subject apartment building was constructed in 1965. Each unit in the building is a 450 square foot two-room unit containing an efficiency style kitchen, an L-shaped living room and one bedroom. There are 13 apartment units on the first floor and 13 units on the second floor of this motel type apartment house. Each CT Page 7876 apartment has its own front door with no rear door. Each unit is identical to the other units. These units were designed for use by a single tenant. There is on-site paved parking in the rear for 26 cars.
The appraisers for both the plaintiff and the town concluded that the highest and best use of the subject property is its continued use as an efficiency type apartment building. We concur.
The town's assessor valued the subject property at $396,250, as of the October 1, 1993 revaluation date. The plaintiff's appraiser, Marc Gottesdiener, valued the subject property at $210,000 as of that date. The town's appraiser, Charles Cavanna, valued the subject property at $360,000 as of the October 1, 1993 revaluation date. Both Gottesdiener and Cavanna agreed that the income approach to value should be given the most weight. Because the comparable sales selected by both appraisers consisted of apartment sales of mixed apartment units of efficiencies, one bedroom and two bedroom units, none of which were motel style buildings like the subject property, we conclude that the income approach to value is the most creditable approach to use in this case.
In their determinations of value using the income approach, both appraisers were basically in agreement on the operating costs and the capitalization rate. The appraisers differed on the determination of the gross income and vacancy factor in arriving at the effective gross income. Gottesdiener used the actual rental income for the subject property for the years 1992 to 1994. Gottesdiener reported that rental prices per unit at the subject property were between $450 and $475 per month. Gottesdiener also reported that the market rental rate for an efficiency/studio unit with heat and hot water and one parking space was $475 per month. (See plaintiff's exhibit A, p. 45.) The town's appraiser, Cavanna, also concluded that the market rental rate was $475 per month for the units at the subject property, including heat and hot water and one parking space. Cavanna concluded that the potential gross income of the subject was $148,200 based on 26 apartment units at $475 per month times 12 months, plus laundry income of $2704, for a total gross income of $150,904. Cavanna further concluded that since the apartment market on Burnside Avenue had been experiencing larger than normal vacancy and collection rates, a 20% vacancy and collection loss rate should be applied to the subject. Taking a 20% vacancy and collection loss from the potential gross income, Cavanna arrived at an effective gross income of $120,723. Cavanna deducted the operating expenses from the effective gross income to arrive at a net operating income of $55,138. The net operating income capitalized by 15.3457% gave Cavanna his determination of fair market value of $359,306, rounded to $360,000.
We find no basis to add laundry income to the gross income since no CT Page 7877 evidence was presented that laundry facilities provided a source of income at the subject property. We also agree with Cavanna that conditions of the neighborhood and the motel style layout of the building gave rise to a higher vacancy rate. We find the credible vacancy and collection loss rate to be 20%.
We arrive at a fair market value of the subject property, as of October 1, 1993, of $345,211 based on the following:
 Gross income $148,200 Vacancy collection loss 29,640
Effective gross income 118,560
 Operating expenses 65,585
Net operating income $ 52,975
Capitalization rate 15.3457%
Fair market value rounded off $345,211
We find the fair market value of the plaintiff's property at 635-637 Burnside Avenue to be $345,211 on the October 1, 1993 grand list. Accordingly, judgment may enter in favor of the plaintiff. The assessor shall reduce the value of the property in accordance with this opinion beginning on October 1, 1993, until the next revaluation. No costs shall be taxed to either party.
Arnold W. Aronson Judge Trial Referee